Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
*and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ARG BUSINESS LOANS, LLC, a California limited liability company, d/b/a CORNERSTONE FUNDING, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

1. Plaintiff ALEJANDRO VALLESILLO ("Plaintiff" or "Vallesillo") brings this Class Action Complaint and Demand for Jury Trial against Defendant ARG BUSINESS LOANS, LLC d/b/a CORNERSTONE FUNDING ("Cornerstone") and Defendant JOHN DOE ("John Doe," together, "Defendants") to stop their illegal practice of making unauthorized calls to people on the Federal Do Not Call registry ("DNC"), and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorney.

## NATURE OF THE ACTION

2. Defendant Cornerstone sells loans. As a primary part of their marketing efforts, Defendant hired John Doe to place thousands of calls to consumers.

3. Defendants had not received consent prior to placing these calls and called people whose phone numbers were registered on the DNC, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. In response to "a torrent of vociferous consumer complaints about intrusive robocalls," Congress passed the TCPA in 1991. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2344, 207 L. Ed. 2d 784 (2020).

5. Among other things, the TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic

manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7. Accordingly, the FCC established the national DNC Registry, and prohibited any person or entity from initiating any telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2); *see also* 18 F.C.C.R. at 14039 (also applies to cellular telephones).

8. Despite such strong legislation passed almost 30 years ago, the same problem persists.

9. To illustrate the scale of the problem facing America, it is estimated that there were over 47 billion robocalls placed in 2018, and 29 billion placed in just the first half of 2019.

10. By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

11. Plaintiff therefore seeks an injunction requiring Defendants to stop their unconsented calling, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

12. Plaintiff Alejandro Vallesillo is a natural person and is a citizen of Omaha, Nebraska.

13. Defendant Cornerstone is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 4 Park Plaza Ste 530, Irvine CA 92614.

14. Defendant Cornerstone's Registered Agent is Joel Cook, 1920 Main Street, Suite 800, Irvine CA 92614.

15. Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

16. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

17. This Court has general jurisdiction over Cornerstone because Cornerstone's principal place of business is in this District.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Cornerstone resides in this District.

## COMMON FACTUAL ALLEGATIONS

19. Defendant Cornerstone sells loans.

20. Defendant John Doe is an unknown business entity.

21. To increase their sales of loans and avoid paying for legitimate forms of advertising, Cornerstone hired John Doe to market their company and produce inbound calls.

22. John Doe amassed a list of thousands of phone numbers from unknown sources.

23. John Doe called people whose phone numbers were registered on the DNC.

### FACTS SPECIFIC TO PLAINTIFF ALEJANDRO VALLESSILLO

24. On July 7, 2022, Plaintiff received at least four unsolicited phone calls from Defendants on Plaintiff's cell phone.

25. Plaintiff answered one of the calls and was solicited for Cornerstone's loan services.

26. Plaintiff never consented to receive calls from Defendants.  Plaintiff had no relationship with Defendants and had never requested that Defendants contact Plaintiff in any manner.

27. In addition to causing statutory damages, these illegal call(s) caused annoyance, intrusion on privacy and seclusion, and wasted time and money to Plaintiff in mailing a letter to request Defendants' DNC policy.

# CLASS ALLEGATIONS

28. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **Class**. All persons in the United States to whom: (1) Defendants placed at least two or more telephone calls in a twelve-month period; (2) from the last 4 years to the filing of this complaint (3) to his or her cellular or residential telephone; (4) for the purpose of selling Cornerstone's services; (5) where Defendants did not have the recipient's express written consent prior to placing the calls.

29. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

30. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

31. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

33. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   i. Whether Defendants placed solicitation calls to people whose phone numbers were registered on the Do Not Call registry.

   ii. Whether Defendants' conduct was *willing* and/or *knowing*;

   iii. Whether Defendants possessed express written consent prior to contacting Plaintiff and the members of the Class;

   iv. Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

35. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and

expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the Class)**

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry for more than 30 days.

38. Defendants called Plaintiff's and the Class members' DNC-registered telephones two or more times within a twelve-month period without having their prior written consent to do so.

39. Defendants' communications were for the purpose of soliciting Defendants' products and services.

40. The foregoing acts and omissions constitute multiple violations of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

41. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

42. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

43. Plaintiff also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to residential and wireless telephone numbers listed on the DNC.

## SECOND CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy
### (On behalf of Plaintiff and the Class)

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. 47 CFR 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy instructing personnel how to maintain an internal Do Not Call list.

46. Defendants failed to fulfill this requirement, resulting in violations against Plaintiff and the Class.

47. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

48. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

49. Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written telemarketing policy.

### THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(2)
### Failure to Train Telemarketing Personnel
### (On behalf of Plaintiff and the Class)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. 47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

52. Defendants did not do so, resulting in violations against Plaintiff and the Class.

53. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

54. Plaintiff also seeks a permanent injunction requiring Defendants to train their telemarketing personnel.

### FOURTH CAUSE OF ACTION
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information
### (On behalf of Plaintiff and the Class)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. 47 CFR 64.1200(d)(4) requires that Defendants provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

COMPLAINT   11

57. Defendants did not fulfill this requirement, resulting in violations against Plaintiff and the Class.

58. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

59. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

60. Plaintiff also seeks a permanent injunction requiring Defendants to train their telemarketing personnel.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Bus. & Prof. Code § 17200**
**Unlawful Prong of California Unfair Competition Law**
**(on behalf of Plaintiff and the Class)**

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. The unlawful prong of California Bus. & Prof. Code § 17200 prohibits any unlawful business practice.

63. Each of Defendants' violations of 47 U.S.C. § 227(c), 47 CFR § 64.1200(d)(1), (2), and (4) vis a vis Plaintiff and the Class as described herein all constitute separate and cumulative violations of unlawful prong of § 17200.

64. Plaintiff continues to incur damages in the form of wasted time, wasted battery life, annoyance, intrusion, and mailing a letter requesting Defendants' Do Not Call policy under 47 CFR § 64.1200(d)(2).

65. Plaintiff is authorized to pursue a private right of action against Defendants under §17204.

66. Plaintiff seeks injunctive relief under this section.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ALEJANDRO VALLESILLO, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. § 227(c),  47 CFR § 64.1200(d)(1), (2), and (4);

C. An order declaring that Defendants' actions, as set out above, violate the above provisions *willfully* and *knowingly*;

D. An order declaring that Defendants' actions, as set out above, violate Cal. Bus. & Prof. Code § 17200;

E. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipient's express written consent to receive such calls, and otherwise protecting interests of the Class;

F. An award of damages, including punitive damages, and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 38-1, Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 31, 2022          Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
3 East Third Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

Attorney for Plaintiff
*and the Putative Class*